# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                          **No. 17-152**

**TIMMY SCOTT, ET AL.**

## ORDER & REASONS

Before the Court is defendant Timmy Scott's ("Scott") motion[1] to prohibit the introduction of a Louisiana Department of Public Safety and Corrections document wherein Scott's co-defendant, Kadeem Burden ("Burden"), waived his parole revocation hearing and pled guilty to engaging in specified criminal activity, including being a convicted felon in possession of a firearm on October 2, 2017 (the "confession"). Alternatively, Scott requests a severance of his trial from that of his co-defendant. The government opposes Scott's motion.[2] For the following reasons, Scott's motion is denied.

## I.

On October 2, 2017, in Baton Rouge, Louisiana, two masked individuals shot at a vehicle stopped at a traffic light.[3] Defendants Scott and Burden were arrested shortly after the incident and not far from the scene.[4] Two masks and two firearms

---

[1] R. Doc. No. 76.
[2] R. Doc. No. 77.
[3] R. Doc. No. 76-3, at 1.
[4] R. Doc. No. 76-3, at 1.

were found near the area as well.[5] Scientific evidence to be presented at trial allegedly links one defendant to one of the firearms and the other defendant to one of the masks.[6]

On November 29, 2017, Scott and Burden were indicted by a grand jury. The indictment charges each defendant with one count of being a felon in possession of firearms.[7]

At the time of his arrest, Burden was on parole for a separate offense.[8] After his arrest, the Louisiana Department of Public Safety and Corrections provided Burden with a notice of preliminary hearing alleging that Burden violated his parole as a result of his October 2, 2017, arrest.[9] On October 5, 2017, Burden waived his right to a preliminary hearing, pleaded guilty to violating his parole, and waived a final parole revocation hearing.[10] The confession does not make any mention of Scott or the involvement of a co-defendant in the October 2, 2017, incident.

Scott argues that the admission of Burden's confession will implicate Scott. Specifically, he argues that (1) the confession is testimonial in nature and Scott was not given the opportunity to cross-examine Burden in violation of the Sixth Amendment's Confrontation Clause; and (2) the lower due process standard for parole revocation matters should preclude the introduction of the aforementioned document.

---

[5] R. Doc. No. 76-3, at 1.
[6] R. Doc. No. 76-3, at 1.
[7] R. Doc. No. 1.
[8] *See* R. Doc. No. 76-1 at 1.
[9] R. Doc. No. 76-1, 2.
[10] R. Doc. No. 76-1, 2

Finally, Scott argues that if the confession is admitted, the trials should be severed to avoid prejudice.

## II.

Under the Confrontation Clause, a criminal defendant is guaranteed the right to "be confronted with the witnesses against him." U.S. CONST. amend. VI. A defendant's Confrontation Clause rights are violated by the admission of a non-testifying co-defendant's confession that directly implicates the defendant in the criminal act but where the defendant cannot cross-examine the testifying co-defendant at trial. *Bruton v. United States*, 391 U.S. 123, 126, 136–37 (1968). In *Bruton*, this was true even when the jury was issued clear limiting instructions to ignore the inadmissible hearsay evidence against the defendant. *Id*. *Bruton*, though, is a "narrow exception," and the Supreme Court has since clarified its application in *Richardson v. Marsh*, 481 U.S. 200, 208 (1987). "[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id*. at 211.

"The key analytic factor in *Richardson* is that the statement did not clearly refer to the defendant and could only be linked through additional evidentiary material." *United States v. Powell*, 732 F.3d 361, 376–77 (5th Cir. 2013) (citing *Richardson*, 481 U.S. at 203). The admissibility of a redacted version of the co-defendant's confession turns on whether "it is obvious from consideration of the confession as a whole that [the statement refers] to the defendant." *Powell*, 732 F.3d

3

at 377 (internal quotations and citation omitted). Statements do not violate *Bruton* when "as admitted, [they do] not indicate the existence of anybody else," and where the defendant's "involvement is only ascertained with reference to independent facts presented at trial." *Id.*

Scott acknowledges that Burden's confession "does not directly implicate [him]" but argues that, "taken in the context of all the other evidence which will be introduced, the inevitable implication" will be that Scott possessed the second of the two firearms.[11] Clearly, any implication of Scott requires linkage with other trial evidence. *See Powell*, 732 F.3d at 376.

Just like the co-defendant's statements in *Powell*, Burden's confession neither mentions Scott nor alludes to another person's involvement in the October 2, 2017, incident. Other than the date of the incident and Burden's arrest, the confession does not contain any facts that link the statement to Scott. The confession does not provide evidence that there were two actors or even two firearms. The *Bruton* exception, therefore, does not apply here.

## III.

Scott further argues that Burden's confession should not be admitted because it is "unreliable."[12] Specifically, Scott argues that the lower due process standard applied in parole revocation matters should preclude the admission of the

---

[11] R. Doc. No. 76-3, at 2, 4.
[12] R. Doc. No. 76-3, at 6.

4

confession.[13] He alleges that since Burden "was without the advice of counsel"[14] at the time he executed the document, "the Court will be unable to determine that his guilty plea to violation of parole was a knowing and intelligent decision."[15] Scott further argues that "Burden's decision to confess was likely made without regard to whether or not it was true. He may have merely been seeking to avoid needlessly wasting time in jail without getting credit for time served."[16]

Notwithstanding the rank speculation in Scott's argument, Scott does not have standing to raise these constitutional challenges on behalf of Burden. A defendant "does not have standing to raise possible violations of constitutional rights of third parties. . . . The [Supreme] Court has also recognized that the fifth amendment privilege against self-incrimination is a purely personal right." *United States v. Cardenas Alvarado*, 806 F.2d 566, 574 (5th Cir. 1986) (internal citations omitted). *See also United States v. Ricardo*, 619 F.2d 1124, 1130 n.5 (5th Cir. 1980) (stating that appellants could not raise the issue of another appellant's fifth amendment rights); *United States v. Sanchez*, 449 F.2d 204, 205 (5th Cir. 1971) (holding that a defendant did not have standing to object to the admissibility of his co-defendant's statement made before he received *Miranda* warnings). A defendant similarly lacks standing to challenge his co-defendant's sixth amendment right to the assistance of counsel. *United States v. Johnson*, 267 F.3d 376, 380 (5th Cir. 2001) ("The right to

---

[13] R. Doc. No. 76-3, at 5.
[14] R. Doc. No. 76, at 4 ¶ 11.
[15] R. Doc. No. 76-3, at 5.
[16] R. Doc. No. 76-3, at 6.

5

assistance of counsel, however, is a personal right and [co-defendants] lack standing to urge its violation.).

Burden has not raised the constitutionality of his confession as an issue. Scott may not do so on his behalf. Accordingly, although the standing issue was not briefed by Scott or the government, Scott's argument is rejected because of a lack of standing.

**IV.**

Alternatively, Scott argues that his trial with Burden should be severed.[17] "It is the rule, not the exception, 'that persons indicted together should be tried together . . . .'" *United States v. Thomas*, 627 F.3d 146, 156 (5th Cir. 2010) (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)). However, if a joint trial would cause prejudice or if justice so requires, the Court may sever the defendants' trial. Fed. R. Crim. P. 14(a). The moving defendant bears the burden of proving that prejudice will result if the district court does not grant a severance. *See Thomas*, 627 F.3d at 156–57.

Scott and Burden were indicted together.[18] However, Scott asserts that the introduction of Burden's confession coupled with the other evidence at trial—that the defendants were arrested together and that the police found two masks and two firearms—will prejudice him and therefore calls for a severance.

"The test for severance under Rule 14 is whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that

---

[17] R. Doc. No. 76-3, at 6–7.
[18] R. Doc. No. 1.

6

defendant separately. If cautionary instructions are deemed sufficient, severance is not required." *United States v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985). The Fifth Circuit has "held that the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993) (citing *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990)). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *United States v. McRae*, 702 F.3d 806, 823 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

"The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process." *Richardson*, 481 U.S. at 211. It "would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Id.* at 210.

"The evidence that the government intends to introduce against [Burden] is not so complicated as to prevent the jury from separating the evidence and properly applying it only against whom is it offered." *United States v. Walton*, 2011 WL 3665145, at *5 (E.D. La. Aug. 19, 2011) (Africk, J.). Scott "would suffer 'no more

7

prejudice than that which necessarily inheres whenever multiple defendants or multiple charges are jointly tried.'" *Id.* (quoting *Rocha*, 916 F.2d at 229) (internal quotations omitted). Scott has not made an adequate showing as to why jury instructions would be insufficient to cure any potential prejudice that might arise in connection with the admission of Burden's statement[19] as well as the admission of evidence discovered at the crime scene.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, September 17, 2018.

                                                     _____
                                                                    **LANCE M. AFRICK**
                                                     **UNITED STATES DISTRICT JUDGE**

---

[19] Burden's confession does not implicate Scott on its face, mention the involvement of a co-defendant, or discuss any of the evidence against either party. Rather, the only information it has about the crime for which the defendants will be tried is the date and the charge itself.

8