# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**       **CRIMINAL ACTION**

**VERSUS**      **No. 17-152**

**TIMMY SCOTT, ET AL.**

## ORDER & REASONS

Before the Court is a motion *in limine*[1] filed by defendant Timmy Scott ("Scott") to exclude DNA evidence. Specifically, Scott seeks to prohibit the United States of America ("the government") from introducing evidence that his DNA was found on one of the two masks that he and his co-defendant, Kadeem Burden ("Burden"), allegedly wore while defendants were in possession of firearms.[2]

Notably, Scott does not object to the introduction of the mask itself, but only to the DNA evidence found on the mask.[3] Scott argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to Scott under Federal Rule of Evidence 403. The government opposes the motion.[4] After reviewing the parties' motions, memoranda in support, and the relevant caselaw, the motion *in limine* is denied.

---

[1] R. Doc. No. 82.
[2] R. Doc. 82, at 1 ¶ 1.
[3] R. Doc. No. 82-2, at 2.
[4] R. Doc. No. 87.

## I.

Scott and Burden were indicted and charged with being felons in possession of firearms.[5] The government will present evidence at trial that on October 2, 2017, in Baton Rouge, Louisiana, the two defendants were seen wearing identical black, plastic masks, each armed with a gun, before they approached and fired multiple shots at a parked vehicle.[6] The defendants fled the scene while still wearing the masks after apparently spotting Corporal Jesse Barcelona ("Barcelona") of the Baton Rouge Police Department, who had observed the crime.[7] The defendants were soon apprehended in a neighborhood in close proximity to the scene.[8] The guns and masks were allegedly found underneath one of the nearby homes.[9] While Burden's DNA was found on one of the guns, Scott's DNA was found on one of the masks.[10]

## II.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[T]o warrant exclusion, the danger of unfair

---

[5] R. Doc. No. 1.
[6] R. Doc. No. 86, at 1.
[7] R. Doc. Nos. 82-2, at 2 & 86, at 2.
[8] R. Doc. No. 86, at 2.
[9] R. Doc. No. 86, at 2.
[10] R. Doc. No. 86, at 2.

2

prejudice—on this ground or any other—must *substantially* outweigh the probative value of the evidence. Accordingly, [the Fifth Circuit has] recognized that Rule 403's scope is narrow." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (emphasis in original).

The purpose of Rule 403 is to "prevent evidence from inducing decision on a purely emotional basis" and to "exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Fields*, 483 F.3d at 354 (internal citations omitted). When evaluating evidence under Rule 403, the Court should not look at the item "as an island," but should also consider "evidentiary alternatives" and "the availability of other means of proof." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). However, Rule 403 is not meant "to permit the court to 'even out' the weight of the evidence." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

### III.

Scott admits that the DNA evidence found on the mask has strong probative value, but he argues that this case involves alternative evidence that can be used to prove Scott was a felon in possession of a firearm.[11] Specifically, he argues that other circumstantial evidence in the case, such as the mask having been discovered in close proximity to the guns and where the defendants were apprehended, provides enough evidence for the government to prove that Scott possessed a firearm. The government

---

[11] R. Doc. No. 82-2, at 3.

3

posits that not only is the DNA evidence on the mask highly probative, but that the government's case rests on the fact that Scott was wearing the mask when he shot at the parked vehicle while in possession of a firearm.[12]

Whether or not the government's case against Scott rests on Scott's DNA having been found on the mask, the Court finds that the probative value of the DNA evidence is not substantially outweighed by unfair prejudice. The government admits that Barcelona could not make a positive identification of the defendants since they were wearing the masks. Therefore, the DNA evidence can provide the jury with a necessary link that places Scott at the scene of the shooting and in possession of a firearm. Scott's contention that Scott's DNA on the mask could unfairly prejudice Scott "for reasons which are unconnected with the charged crime" is without merit.[13]

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, September 25, 2018.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 86 at 3.
[13] R. Doc. No. 82-2, at 3.